**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

DAVID F. DAMERAU,                                    Case No.: 0:14-cv-61983-JIC

      Appellant,                                         L.T. Case No: 12-33800-JKO

v.

FPH PROPERTIES, LLC,

      Appellee.                    /

**FPH PROPERTIES, LLC'S RESPONSE IN OPPOSITION TO APPELLANT'S**
**MOTION FOR LEAVE TO FILE APPEAL OF BANKRUPTCY ORDER**

Creditor/Appellee, FPH Properties, LLC ("FPH"), by and through undersigned counsel and pursuant to Bankruptcy Rule 8003, hereby files its Response to Debtor/Appellant, David F. Damerau's ("Debtor") Motion for Leave to File Appeal of Bankruptcy Order (ECF No. 1), and states:

**Introduction**

On October 16, 2013, the Bankruptcy Court below entered an Order (Bankr. ECF No. 257)[1] approving a settlement between Debtor's Chapter 7 Bankruptcy Trustee and Creditor FPH wherein FPH purchased certain rights and agreed to fund litigation by the Trustee to recover assets. On March 3, 2014, the Bankruptcy Court entered an Order (Bankr. ECF No. 288) granting the Trustee's motion to appoint Christian Petersen, Esq. of Hackleman, Olive & Judd, P.A. as special counsel for the Trustee in relation to potential litigation by the Trustee. Debtor did not appeal either of these Orders, which are now final. Instead, long after the appeal deadlines expired, Debtor purported to challenge aspects of both Orders through a motion entitled "Motion to Remove and Disqualify Special Counsel Christian A. Petersen, Esq.,

---

[1] References to filings in the Bankruptcy Court below, Case No. 12-33800-JKO shall be in the form "(Bankr. ECF No. #)."

Hackleman, Olive & Judd, P.A., and FPH Properties LLC Powers" (Bankr. ECF No. 322). The Court denied Debtor's motion on August 19, 2014 following a hearing (the "Order") (Bankr. ECF No. 322).

On August 29, 2014 Debtor filed a "Notice of Interlogatory [sic] Appeal" (ECF No. 1) in this Court purporting to appeal the Order despite Debtor's failure to first seek leave to appeal pursuant to 28 U.S.C. 158(a)(3) and Bankruptcy Rule 8003. However, FPH acknowledges that this Court has authority to construe Debtor's "Notice" as a motion for leave and consequently will treat it as such for purposes of this Response.[2] See Bankruptcy Rule 8003(a) and 8003(c). For the reasons set forth below, FPH respectfully submits that leave to appeal should not be granted.

**ARGUMENT**

I. Debtor Failed to Establish the Requirements for Interlocutory Review

A district court may grant interlocutory review of a bankruptcy order if the subject issue (1) involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) is such that an immediate appeal would advance the ultimate termination of the litigation. In re Pacific Forest Products Corp., 335 B.R. 910, 919 (S.D. Fla. 2005); In re Auto Dealer Services, Inc., 81 B.R. 94, 96 (M.D. Fla. 1987).[3] If the party moving for leave to appeal fails to establish any of these three elements, then leave must be denied. In re Pacific Forest Products Corp., 335 B.R. at 919.

---

[2]   In fact, the Clerk docketed Debtor's filing as a "MOTION (COMPLAINT) for Leave to File Appeal of Bankruptcy Order."

[3]   These elements are derived from the grounds for interlocutory appeals of district court orders pursuant to 28 U.S.C. § 1292(b), which courts have found to be analogous. See, e.g., In re Pacific Forest Products Corp., 335 B.R. at n.8.

2

Debtor's purported appeal must fail at the outset as Debtor's filings fail to present any "controlling question of law." To satisfy this element, Debtor must establish that the appeal "deals with a question of 'pure' law, or matters that can be decided 'quickly and cleanly without having to study the record.'" Id. (citing McFarlin v. Conseco Servs., LLC, 381 F. 3d 1251, 1258, 1260–62 (11th Cir.2004)). Neither Debtor's Notice (ECF No. 1) nor his subsequent "Bankruptcy Appeal Statement" (ECF No. 3) identify any question of law whatsoever, much less a controlling question of "pure law." Instead, Debtor's filings merely raise various conclusory factual allegations, such as claims that Mr. Petersen and FPH "purposely omit[ted] pertinent information on Appeal" and "ignored their duty . . . in making mortgage payments." (ECF No. 3). Factual disputes of this nature represent the "antithesis of a proper [interlocutory] appeal" and are insufficient to warrant a grant of leave to file an appeal. In re Pacific Forest Products Corp., 335 B.R. at 919 (citing McFarlin, 381 F. 3d at 1259).[4] Courts have previously denied leave to appeal where a party questioned a Trustee's employment of special counsel on factual grounds rather than through a controlling question of pure law. See In re AroChem Corp., 198 B. R. 425, 427 (D. Conn. 1996) (no question of controlling law presented where dispute concerned factual issues regarding bankruptcy court's approval of counsel, rather than questions of law regarding whether court had legal authority to do so).

FPH further notes that, even if Debtor had purported to identify any controlling questions of law relating to the appointment of counsel or FPH's rights under the settlement agreement with the Trustee, any appeal of such questions would almost certainly be barred by Debtor's failure to appeal the Bankruptcy Court's prior Final Orders approving the appointment and the settlement agreement (Bankr. ECF No. 257 and 288).

---

[4] As discussed in Note 3, *supra*, these authorities rely in part upon standards and authorities relevant to interlocutory appeals of district court orders under 28 U.S.C. § 1292(b) as they are deemed analogous to appeals of interlocutory orders of bankruptcy courts.

Similarly Debtor's filings fail to show a "substantial ground for difference of opinion" on the alleged questions of law at issue. To satisfy this second element, a movant "must normally demonstrate that at least two courts interpret the relevant legal principle differently." <u>In re Pacific Forest Products Corp.</u>, 335 B.R. at 922. Debtor does not cite any legal principles in his filings nor does he identify any courts that interpret such principles differently.

Finally, Debtor's filings also fail to allege or establish "that an immediate appeal would advance the ultimate termination of the litigation." To the contrary, Courts have found that interfering with the appointment of special counsel would delay, rather than advance, the ultimate termination of the proceedings. <u>See</u> <u>In re AroChem Corp.</u>, 198 B. R. at 427.

II. <u>Debtor Failed to Meet the Procedural Requirements of a Motion for Leave to Appeal</u>

"A motion for leave to appeal under 28 U.S.C. §158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto." Bankruptcy Rule 8003(a).

As detailed in Part I of this Response, Debtor's filings fail to properly set forth disputed questions of law sufficient to warrant leave to file an interlocutory appeal and fail to state why an appeal would benefit the proceedings such that it should be granted. Debtor therefore has failed to meet the similar elements (1), (2), and (3) of Bankruptcy Rule 8003(a).

In addition, Debtor also fails to attach "a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto." Debtor's filings do not contain any attachments whatsoever. Moreover, the Order that Debtor seeks to appeal (Bankr. ECF No. 322) is a short-form order that denied Debtor's motion "for the reasons stated on the

record," yet Debtor has not obtained – much less attached -- a copy of the transcript of the relevant evidentiary hearing such that this Court may evaluate the reasons for the denial.

WHEREFORE, FPH respectfully requests that this Court decline to grant Debtor leave to file an interlocutory appeal and enter any further relief it deems just and appropriate.

### Certificate of Service

I HEREBY CERTIFY that a copy of the forgoing was served on September 8, 2014 by transmission of Notice of Electronic Filing generated by CM/ECF, email, and/or U.S. Mail as indicated below:

By email (non ECF) and U.S. Mail:
David Damerau
P.O. Box 39619
Fort Lauderdale, FL 33339
daviddamlegal@gmail.com

> HACKLEMAN, OLIVE & JUDD, P.A.
> 2426 East Las Olas Boulevard
> Fort Lauderdale, FL 33301
> Tel.: (954) 334-2250
> Fax: (954) 334-2259
> Attorneys for FPH Properties, LLC
>
> By:   /s   Christian A. Petersen
>       Christian A. Petersen
>       Florida Bar No. 154105
>       cpetersen@hojlaw.com
>       Matthew C. Sanchez
>       Florida Bar No. 72748
>       msanchez@hojlaw.com